**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **JACOB GRIFFITH**<br>**LA. DOC #503310** | **CIVIL ACTION NO. 5:14-cv-0089** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Jacob Griffith, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 17, 2014. Petitioner attacks his 2006 conviction for forcible rape and the 23 year sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

***Statement of the Case***

Petitioner was indicted and charged with aggravated rape of a 5 year old child. On April 7, 2005, the trial judge appointed a sanity commission to address petitioner's mental condition both at present and at the time of the alleged offense. [Doc. 1-3, p. 21] On May 23, 2005, Dr. James Harrold, Jr., a member of the sanity commission submitted a report to the trial judge and

concluded that petitioner exhibited symptoms of paraphilia[1], however he further reported that such a finding would not "... prevent Mr. Griffith from being actively involved in his defense. It is felt he understands the nature of the alleged crimes. It is also felt he could adequately assist his attorney during trial. It is not felt he would exhibit significant decompensation with the stress of a trial." Harrold also opined that petitioner was not suffering from significant depressive symptomology at the time of the offense. [Doc. 1-3, pp. 22-25]

On March 14, 2006, petitioner pled guilty to the lesser included offense of forcible rape and was sentenced to serve 23 years. [Doc. 1, ¶3] He appealed raising a single claim of excessiveness of sentence. On February 28, 2007, his conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Jacob Ray Griffith*, 41,849 (La. App. 2 Cir. 2/28/2007), 953 So.2d 977. Petitioner did not seek further direct review in the Louisiana Supreme Court. [Doc. 1, ¶6(c)]

On October 30, 2012, he filed a *pro se* application for post-conviction relief in the First Judicial District Court. In support of his application he alleged that his guilty plea occurred while he was incompetent and despite the sanity report which indicated that he "was mentally impaired on the date of the offense" and was thus exempted from prosecution. He also alleged that his trial counsel was ineffective (a) for failing to advise petitioner to plead not guilty by reason of insanity; (b) for failing to quash the sanity report as untimely and incomplete; (c) for failing to call as witnesses the treating physicians and others. He also claimed that in July or August 2012 he discovered that the prosecutor had been fired for falsifying evidence in other

[1] Paraphilia is defined as a pattern of recurring sexually arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices (as sadism or pedophilia). http://www.merriam-webster.com/dictionary/paraphilia

cases. [Doc. 1-3, pp. 18-19] In his memorandum in support of the application he argued that the State presented false testimony to the Grand Jury and the trial court, although he failed to identify the allegedly false testimony; that the prosecutor was fired for falsifying evidence in other criminal cases, although he failed to identify any false evidence submitted in petitioner's case; and, he also alleged that the 5 year old victim had never testified that he was the victim of force or threats. He also alleged that there was not physical or DNA evidence to support the charge, and, that the reports of the sanity commission indicated that he was not guilty by reason of insanity. [Doc. 1-3, p. 35, pp. 27-30] Petitioner also requested production of free copies of various court documents. [Doc. 1-3, pp. 32-33]

On April 2, 2013, the trial court denied the application for post-conviction relief and petitioner's request for documents. [Doc. 1-3, pp. 12-14] On May 16, 2013, the Second Circuit Court of Appeals denied writs having found that petitioner's application for post-conviction relief was time barred by the provisions of C.Cr.P. art. 930.8.[2] *State of Louisiana v. Jacob Ray Griffith*, No. 48,461-KH. [Doc. 1-3, pp. 7-9] His writ application was denied by the Louisiana Supreme Court on November 22, 2013. *State of Louisiana ex rel. Jacob Ray Griffith v. State of Louisiana*, 2013-1328 (La. 11/22/2013), 126 So.3d 480.

Petitioner filed the instant petition on January 17, 2014. Petitioner claimed that his application is timely "... since it is filed within one year of newly discovered claim of prosecutorial misconduct ..." [Doc. 1, p. 8] He further claimed that he was incompetent on the

[2] Art. 930.8 provides in pertinent part, "A. No application for post-conviction relief, ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922, unless any of the following apply: (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney."

day he entered his guilty plea and that he "... was mentally impaired on the date of the offense to which LSA-R.S.14:14 exempts from criminal prosecution." He further claimed that the District Court's "finding of competency to proceed violated LSA C.Cr.P. art. 645(B) because it was untimely and because no final determination as to competency "at the time of the offense and to proceed" was made. He also alleged that trial counsel rendered ineffective assistance when he failed to enter a plea of not guilty by reason of insanity; when he failed to quash the sanity report; when he failed to call the physicians to testify on petitioner's behalf. He also alleged that sometime in either July or August 2012 he "became aware that the head prosecutor ... was fired by the district attorney for falsifying evidence/facts in sex offender cases for years..." Finally, he claimed that his guilty plea to forcible rape was "not supported by any facts in the record."

***Law and Analysis***

***1. Limitations – 28 U.S.C. §2244(d)(1)(A)***

Title 28 U.S.C. §2244(d)(1) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during

[3] Petitioner implies that he is entitled to reckon limitations as provided in Section 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." That claim is addressed in Part 2, below.

which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Second Circuit Court of Appeals. On February 28, 2007, his conviction and sentence were affirmed. *State of Louisiana v. Jacob Ray Griffith*, 41,849 (La. App. 2 Cir. 2/28/2007), 953 So.2d 977. Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or, until on or about March 28, 2007.[4] However, petitioner did not seek further direct review in the Supreme Court. [See Doc. 1, ¶6]. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on March 28, 2007. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal

[4] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Thereafter, since petitioner's judgment of conviction became final under the AEDPA on March 28, 2007, he had 1-year, or until March 28, 2008, to file his federal *habeas corpus* petition.

He cannot rely upon the pendency of his application for post-conviction relief since that application was not filed until October 30, 2012, and by that time the one-year period of limitation established by the AEDPA had long expired. In short, the available evidence establishes that petitioner's federal *habeas* petition is time-barred if limitations is reckoned as provided by the provisions of 28 U.S.C. §2244(d)(1)(A).

***3. Limitations – 28 U.S.C. §2244(d)(1)(D)***

Petitioner claims that he is entitled to reckon the AEDPA's one year period of limitations as provided in Section 2244(d)(1)(D), or, from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The phrase "factual predicate" has been interpreted to mean, the "evidentiary facts or events, and not court rulings or legal consequences of the facts." *See Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) (citations omitted). In essence, petitioner contends that his guilty plea was involuntary because of (1) prosecutorial misconduct based upon the introduction of "falsified evidence" and (2) ineffective assistance of counsel based on counsel's failure to properly raise the issues of petitioner's incompetence at the time of trial, and, his innocence by reason of insanity at the time of the offense. If petitioner's plea was involuntary – regardless of

the cause – he would have known that fact at the time he entered his plea and would thereby not be entitled to reckon limitations as is argued by petitioner.

Further, limitations is not reckoned from the date petitioner discovered the factual predicate of his claim, but rather from the date it "could have been discovered through the exercise of due diligence ..." [Section 2244(d)(1)(D) ] and petitioner bears the burden of establishing that date. *See Mead v. Cain*, Civil Action No. 08–3173 (E.D.La.2010), citing *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D.Mich.2003) ("However, the time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits. Furthermore, a *habeas* petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the *habeas* claims. [Citations omitted].")

Petitioner maintains that he discovered the alleged "prosecutorial misconduct" in July or August 2012 when he found out that the Assistant District Attorney who prosecuted him had

been discharged from employment for "falsifying evidence." However, petitioner has not identified any false evidence related to his prosecution; nor has he demonstrated "prosecutorial misconduct" on the part of the ADA who prosecuted his case. Further, assuming the existence of "falsified evidence", petitioner must surely have been aware of it at or before the time he entered his plea.

Likewise, with respect to his claims of ineffective assistance of counsel, petitioner has offered no evidence to support his claims of incompetence at the time of the plea or insanity at the time of the offense, and, presumably, if such evidence existed, he would have been aware of it prior to the date he entered his plea. Indeed, the report of the sanity commission and the discharge summary from his prior hospitalization, pre-date the date of his guilty plea and therefore, petitioner should have been aware of any mental health issues at some point in time prior to the entry of his guilty plea.

In short, the factual basis of petitioner's *habeas* petition is his claim that his guilty plea was involuntary, a fact that should have been known at the time the plea was entered. Likewise, the evidence supporting the factual basis – prosecutorial misconduct with regard to falsified evidence, and ineffective assistance of counsel – were also known by petitioner at the time of his plea. Petitioner is clearly not entitled to statutory tolling as provided by Section 2244(d)(1)(D).

***3. Equitable Tolling***

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

This petition establishes neither diligence on the part of the petitioner nor the presence of extraordinary circumstances.

### *4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 3, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**